# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON, | Case No. 1:16-cv-00618-SAB-HC |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| HEDI LACKER, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus,[1] wherein he challenges: (1) the California Department of Corrections and Rehabilitation's policy that prevents two inmates from marrying each other; and (2) a prison disciplinary proceeding that resulted in the loss of good time credit.

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28

---

[1] Petitioner asserts that he is proceeding under 28 U.S.C. § 2241. (ECF No. 1 at 1). However, the Ninth Circuit has held "that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." White v. Lambert, 370 F.3d 1002, 1009–10 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010).

1

U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California state court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). Here, Petitioner asserts that administrative remedies have been exhausted, but there is no indication that Petitioner has fairly presented his claims to the state court. (ECF No. 1 at 5, 8).[2] Accordingly, Petitioner is HEREBY ORDERED to SHOW CAUSE within **THIRTY (30) days** of the date of service of this order why the petition should not be dismissed without prejudice for failure to exhaust state court remedies.

IT IS SO ORDERED.

Dated: **June 3, 2016**

UNITED STATES MAGISTRATE JUDGE

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.