UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON,<br><br>    Petitioner,<br><br>    v.<br><br>HEDI LACKER,<br><br>    Respondent. | No.  1:16-cv-00618-DAD-SAB-HC<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Doc. No. 11) |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus. On July 29, 2016, the assigned magistrate judge issued findings and recommendations, recommending that the petition be dismissed without prejudice due to petitioner's failure to exhaust his claims for relief by first presenting them to the state high court. (Doc. No. 10.) The findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within thirty days of the date of service of the order. (*Id.*) On August 12, 2016, petitioner filed a notice to dismiss his petition without prejudice because "[t]he matter has become moot at this time." (Doc. No. 11.)

    Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Voluntary dismissal under this rule requires no action on the part of the court and divests the

1

court of jurisdiction upon the filing of the notice of voluntary dismissal. *See United States v. 475 Martin Lane*, 545 F.3d 1134, 1145 (9th Cir. 2008) (describing consequences of voluntary dismissals pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)). Rule 41(a)(1) has been found to apply in the habeas context where the respondent had not yet filed an answer to the petition. *See Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993); *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996); *Dean v. Johnson*, Case No. CV 15-02971 BRO (RAO), 2016 WL 1170877, at *1 (C.D. Cal. Mar. 23, 2016).

In this case, respondent has not served either an answer or a motion for summary judgment. Thus, petitioner's notice of dismissal was effective upon filing and without a court order pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). In light of petitioner's notice of dismissal without prejudice, the Clerk of the Court is directed to close this case.[1] All other pending motions and matters are rendered moot by this order.

IT IS SO ORDERED.

Dated:  **September 8, 2016**                       _____/s/ Dale A. Drozd_____
                                                          UNITED STATES DISTRICT JUDGE

---

[1] Petitioner is advised that there is a one-year statute of limitation in which a federal petition for writ of habeas corpus must be filed. 28 U.S.C. § 2244(d)(1). The limitations period is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). That limitations period is not tolled under § 2244(d) during the time period that a petition for habeas relief is pending in federal court. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).